IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID DELREAL,

    Petitioner,

v.

RANDY GROUNDS,

    Respondent.

No. C 13-03423 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner David DelReal is currently serving his sentence in Salinas Valley State Prison in Monterey County, California. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C 2254. Thus, respondent is **ORDERED TO ANSWER** the petition.

## STATEMENT

A jury in San Benito County convicted petitioner of one count of attempted voluntary manslaughter and one count of carrying a concealed dirk or dagger. He was sentenced to 19 years and two months for both counts plus enhancements for personal discharge of a firearm and personal infliction of great bodily injury. The California Court of Appeal affirmed the conviction on direct appeal, and the California Supreme Court denied his petition review.

## ANALYSIS

**1. STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or

treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vazquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. LEGAL CLAIMS.

As grounds for federal habeas relief, petitioner claims that the conviction was imposed in violation of his constitutional rights under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution. In support of these claims, he argues that the trial court impermissibly allowed the prosecutor to allege sentencing enhancements after the jury had been dismissed, and even if properly alleged, did not provide petitioner an opportunity to waive his right to a jury trial as to the additional allegations. Furthermore, petitioner alleges that the prosecutor's statement of the law on voluntary intoxication was inaccurate and therefore impermissible. These claims, when liberally constructed, are sufficient to require a response.

## CONCLUSION

The Clerk **SHALL IMMEDIATELY SERVE** respondent's counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, and this order.

**RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN NINETY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. The record must be indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with issued orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3